[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR MODIFICATION OF ALIMONY AND FOR RETURN OF OVERPAYMENTS (#174)
The marriage of the parties was dissolved on July 8, 1987, (Tierney, J.). Custody of the minor child was awarded to the plaintiff husband. No award of child support was made.
The court awarded the defendant wife as alimony the sum of $1,000 per month for a period of 5 years from the date of the decision. The court indicated in its memorandum of decision that the defendant wife was unemployed and would need help in getting started in her employment. It was expected that the defendant would obtain employment.
Since November 1990 the parties have been back and forth before the court in a variety of motions having to do with custody, contempt, attorney's fees for the minor child and disputes over personal property. Both parties have been represented by counsel throughout all of these various motions and rules to show cause. CT Page 9917
On March 18, 1991 the plaintiff filed his motion for modification of alimony under Section 46b-86(b). A hearing was held on this motion on November 4, 1991. Both parties have filed current financial affidavits.
The defendant has admitted that she lived with her fiance Mr. Brandman, from October 1990 to sometime in June 1991. During this period of time he helped her with the rent, contributing $500 a month in addition to paying for some groceries and pretty much sharing living expenses (pg. 106 Deposition of March 15, 1991).
At the hearing, the defendant testified that she is no longer living with Mr. Brandman as of the end of June, 1991. She further indicated that at this time she is no longer engaged to Mr. Brandman and has no plans to marry. The parties still see each other however, and Mr. Brandman accompanied the defendant to Connecticut in connection with a recent visitation with the minor child. The defendant and Mr. Brandman had planned to marry in the Fall of 1992. It is interesting to note that the defendant's alimony will terminate in July 1992.
The defendant is presently self-employed as a free lance writer and journalist. She receives approximately $150 per page plus expenses for her articles and contributions. As indicated, it was expected that the defendant would obtain employment when she completed her education.
The defendant presently owns a co-op apartment in New York which she rents out. She also has a bank account of approximately $32,000 according to her testimony before this court. The defendant testified that the co-op was purchased with funds from her parents.
The memorandum of decision indicated that the defendant wife had received approximately $40,000 from her parents during the course of the marriage and had used these funds for her own personal expenditures. The defendant testified that the bank account of $32,000 is to supplement her expenses and alimony.
Section 46b-86(b) of the Connecticut General Statutes, is a separate and independent statutory basis for the modification of alimony and is a claim which must be raised in a written motion by the party seeking to modify the award of periodic alimony. Connolly v. Connolly, 191 Conn. 468, 478 (1983). Section 46b-86(b) further requires notice and hearing. This court finds that based on all the circumstances recited by plaintiff's counsel, and as reflected in this file, there was notice to the defendant on March 18, 1991 that the issue of modification pursuant to Section 46b-86(b) C.G.S.A. was before the court and a hearing was held on this CT Page 9918 motion on November 4, 1991.
The court finds that as of the date of the motion to modify, March 18, 1991, the defendant was and had been living with another person under circumstances which the court finds should result in a change of the award of periodic alimony. The court further finds that the defendant continued this living arrangement through June 1991. The defendant spent July and August in Italy and there was no evidence that Mr. Brandman spent any time in Italy with the defendant. Mr. Brandman did however, assist the defendant by mailing out her pre-prepared checks for rent and mortgage during these months.
The plaintiff has the burden of proof to show the defendant's cohabitation within the meaning of the statute, Section 46b-86(b). There was no proof of such cohabitation during the months of July, August, September and October, 1991.
The court further finds that the living arrangements of the defendant have caused a change of circumstances as to alter her financial needs. The court had before it, the financial affidavits of the defendant and her testimony in court.
The court enters the following orders:
1. The award of periodic alimony of $1,000 per month is suspended for the months of March, April, May and June, 1991.
Re: Arrearages
The parties agreed there was an arrearage of $8,000 through October 31, 1991. The plaintiff shall be given credit for the months of March through June, 1991.
This court finds an arrearage of $4,000 through October 31, 1991. If the parties are unable to agree on the payment of the arrears, they shall return to court for a hearing and order as to the payment.
COPPETO, J.